**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, 1030 15th Street NW, B255 Washington, DC 20005               *Plaintiff,* v. U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue SW Washington, DC 20202             *Defendant.* | Case No. 19-cv-2119 |

## COMPLAINT

1.  Plaintiff American Oversight brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Department of Education (Education) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Education has possession, custody, and control of the records American Oversight has requested.

## STATEMENT OF FACTS

7.      On May 16, 2019, the Department of Education Inspector General (IG) issued a report summarizing the findings of the IG's review of Education officials' use of personal email to conduct agency business. The report noted that the IG had identified instances where Secretary DeVos used personal email accounts to conduct agency business and stated that "the Secretary's emails related to government business were not always being properly preserved." Ltr. from Sandra D. Bruce, Acting Inspector General, U.S. Dep't of Education, to Rep. Rose DeLauro, Chairwoman, U.S. House of Representatives, Subcommittee on Labor, Health and

Human Services, Education, and Related Agencies, May 16, 2019,

https://www2.ed.gov/about/offices/list/oig/auditrpts/responserepdelaurouseofemail05162019.pdf.

8.      On November 29, 2018, American Oversight submitted a FOIA request to

Education seeking:

> 1.  All records reflecting email communications (including any email attachments) with any non-governmental email address attributed to Secretary Betsy DeVos.
>
>      Your agency may limit its search to the following individuals:
>
>      a)  Nate Bailey
>      b)  Joshua Venable
>      c)  Jessica Newman
>      d)  Nate Breeding
>      e)  Robert Eitel
>
> 2.  All emails sent from (a) any non-governmental email address attributed to Secretary DeVos to (b) any governmental email address associated with Secretary DeVos. Please include all messages, including those that have been forwarded to Secretary DeVos's governmental email address or on which Secretary Devos's governmental email address is carbon copied.
>
>      Please provide all responsive records from January 20, 2017, to the date the search is conducted.

9.      By letter dated December 3, 2018, Education acknowledged receipt of American

Oversight's FOIA request and assigned the request tracking number 19-000418-F.

10.     By letter dated December 20, 2018, Education notified American Oversight that it

would not respond to American Oversight's FOIA request within the statutorily required time

period.

11.     American Oversight has received no further communication from Education

regarding the processing of its FOIA request.

*Exhaustion of Administrative Remedies*

12.     As of the date of this Complaint, Education has failed to (a) notify American Oversight of any determination regarding its FOIA request, including the scope of any responsive records Education intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

13.     Through Education's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

14.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15.     American Oversight properly requested records within the possession, custody, and control of Education.

16.     Education is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

17.     Education has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

18.     Education's failure to conduct adequate searches for responsive records violates FOIA and Education regulations.

19.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21.     American Oversight properly requested records within the possession, custody, and control of Education.

22.     Education is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

23.     Education is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

24.     Education is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

25.     Education's failure to provide all non-exempt responsive records violates FOIA and Education regulations.

26.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: July 17, 2019                   Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723
Cerissa Cafasso
D.C. Bar No. 1011003

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
cerissa.cafasso@americanoversight.org

*Counsel for Plaintiff*